Vincent A. Lupiano, J.
The individual defendants move for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice and all the defendants move for relief pursuant to subdivision 1 of rule 102 and rule 103. Plaintiff claims he was entitled to the return of certain securities and made demand upon the defendants; that the demand was refused and defendants converted the securities to their own use. To support the claim of right to possession, plaintiff alleges that the securities were delivered to the defendant corporation as security for a loan; that the individual defendants were officers and managing agents of the corporation; that they conducted personally all of the business affairs of the corporation and in particular the transaction in suit; that on November 22, 1961, when the loan of $6,000 was due and payable by its terms, plaintiff duly tendered to the defendants the sum of $5,775, being the balance then due on the loan, less a dividend of $225 paid on the securities, and demanded of the defendants the return of the securities; that they refused to accept the tender and refused and still refuse to make return of the securities to plaintiff’s damage.
Defendants rely on Melnick v. Sable (11 A D 2d 1075) where the court stated: “ The money was delivered to the corporate defendant and the promise to return the money if the purchase was not consummated was that of the corporate defendant. * * * An individual, even though acting for a corporation of which he is an officer, may be held liable for conversion. * * * But such liability accrues only against the individual officer who consummated the conversion through his personal action.” Decision there was made after trial, and the court stated further: ‘ ‘ There is no proof in this case which of the individual defendants actively participated in the conversion.” The complaint states sufficiently plaintiff’s claimed right to the return of the securities and the refusal of each of the defendants to honor the demand, since the sufficiency of the complaint is not to be tested by the facts as they appear and are argued in the briefs.
It is alleged in paragraph fifth of the complaint that by reason of the preceding alleged facts and the provisions of section 373 of the General Business Law, the notes executed by *6 the plaintiff to the corporate defendant are void. The allegation is conclnsory and impertinent to the statement of the cause in conversion.
It is alleged in paragraph sixth that on November 22, 1961, 1 ‘ when said loan was due and payable by its terms, ’ ’ plaintiff made a due tender. Objection is raised pursuant to rule 103 with respect to the quoted portion of paragraph sixth on the basis that plaintiff delivered a demand note. While plaintiff may, as he contends, offer payment at any time before demand is made, it does not follow that the stated date was the due date even though tender of payment and demand for return of the securities were made on that date.
It is further alleged in paragraph sixth that the tender included ‘ ‘ a dividend of $225 paid on said three hundred shares. ’ ’ It is reasonably to be inferred from the allegations of the complaint that the dividend was paid and received by the holder of the securities and, for the purpose of the pleading, the quoted portion of paragraph sixth to which objection is made is proper.
Finally, defendants object, pursuant to rule 103, to the stated value of the securities on December 11, 1961, as set forth in paragraph eighth, paragraph ninth, and in the ad damnum clause. While the theory or measure of damage may not thus be correctly expressed, nevertheless the allegations are permitted to stand. Accordingly, the application for relief, pursuant to rule 103, is granted as to subdivisions (a) and (b) of part II of the notice of motion and it is otherwise denied, and the complaint is deemed amended accordingly.
Pursuant to subdivision 1 of rule 102, defendants object to the use of the word “ they ” in paragraph second of the complaint, in which it is alleged that the individual defendants were the officers and managing agents of the corporate defendant and “ they ” conducted all of the business affairs of the corporation including the transaction in suit. Clearly, the word “ they ” is meant to refer to all of the individual defendants.
The application for relief pursuant to subdivision 4 of rule 106 and subdivision 1 of rule 102 is denied.